**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **JOSEPH YOUNG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | **Civil Action No.** |
| | § | |
| **VS.** | § | **7:21-cv-00227** |
| | § | |
| **LG CHEM LTD; LG CHEM AMERICA, INC.** | § | |
| | § | |
| **Defendants.** | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Joseph Young files this Complaint against Defendants for causes of action arising from personal injury, in support of which Plaintiff would show the Court the following;

I.      PARTIES

1.      Plaintiff is an individual resident of Midland County, Texas.

2.      Defendant LG CHEM is a Korean limited liability company doing business in the State of Texas.  Defendant LG CHEM engages in business in the State of Texas but it does not maintain a regular place of business in Texas.  Nor does it maintain a designated agent for service of process in Texas.  Defendant LG CHEM, LTD. may be served with process at its corporate address at 128 Yeoui-Daero, Yeongdeungpo-Gu, Seoul, South Korea 07336 under the Hague Convention on the Service Abroad of Judicial and Extra-Judicial documents in Civil or

Commercial Matters, TIAS # 10072 (U.S. Treaties & Other International Acts) and 20 UST 361 (U.S. Treaties and Other International Agreements).

3.      Defendant LG CHEM AMERICA, INC., was and is a corporation formed under the laws of the State of Delaware, doing business in the State of Texas and can be served through its Registered Agent, Corporation Service Company dba CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.

II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction over the Defendants based on the Defendants' operations and presence in the State of Texas, by their transacting business in or directed at Texas, by their commission of one or more tortious acts that caused injury and damages in Texas, and/or by otherwise purposefully availing themselves of the benefits and privileges of Texas law. Defendants submitted to the jurisdiction of this Court by doing business personally or through their agents through the following acts:  a. committing a tortious act within this state by selling and delivering defective products to persons, firms or corporations in this state via its distributors, dealers, wholesalers and brokers.  These defective products were used by consumers in Texas in the ordinary course of commerce and trade; and/or b. conducting and engaging in substantial business and other activities in Texas by selling products to persons, firms or corporations in this state via its distributors, dealers, wholesalers and brokers.  Such products were used by consumers in Texas in the ordinary course of commerce and trade; c. the acts and omissions of Defendants caused injury to the Plaintiff while in Texas.  At or about the time the Plaintiff was injured, the Defendants engaged in solicitation activities in Texas to promote sale, consumption, use, maintenance and/or repair of their products; and d. selling products with

knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Texas users or consumers.

5.      Venue is proper in this Court under 28 U.S.C. §1391(b)(1)-(2) as the county in which all or part of the cause of action arose.

III.     FACTUAL BACKGROUND

6.      Electronic cigarettes ("e-cigarettes) are devices that operate electronically to deliver nicotine to the user in the form of a vapor.

7.      E-cigarettes are designed as an alternative to smoking which mimics the act of smoking but with less of the harmful toxins and carcinogens associated with traditional cigarettes.

8.      E-cigarettes are often used by the public as what is believed to be a safe, effective way to discontinue the use of traditional cigarettes.

9.      E-cigarettes are used with re-chargeable lithium ion batteries.

10.     Based on information and belief, the Subject Batteries were designed, manufactured, sold, and put into the stream of commerce by the Defendants.

11.     The batteries purchased by the Plaintiff came without any or with inadequate instructions for use and warnings.

12.     On or around March 4, 2020, Plaintiff placed the vape with a subject battery and an extra battery in his pocket.

13.     On or about that same date and place, after placing the subject batteries into his pocket, one of the subject batteries exploded and caught fire.

14.     As a result of the explosion and fire, Plaintiffs clothing, legs, and lower body suffered severe burns.

IV.     CAUSES OF ACTION

    A.  STRICT LIABILITY AGAINST LG CHEM AND LG CHEM AMERICA

15.     All preceding paragraphs are incorporated herein by reference as is stated fully herein.

16.     The Defendants were engaged in the business of designing, testing, maintaining, assembling, sourcing, importing, manufacturing, inspecting, selling and distributing vaporizing products to the public, including the subject batteries which caused injury to the Plaintiff.

17.     The Defendants placed the subject batteries and into the stream of commerce with knowledge that they would be used without inspecting for dangers or defects. The Defendants knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond the capabilities of such persons.

18.     The subject batteries were defective and unreasonably dangerous to the ultimate users or consumers when designed, tested, maintained, assembled, sources, imported, distributed, manufactured, inspected, sold and placed into the stream of commerce by the Defendants in the following ways:

a. The subject batteries failed to operate as an ordinary consumer would expect;

b. The subject batteries were designed, assembled, sourced, imported, manufactured, distributed, sold and/or supplied in an unsafe, unreasonably dangerous and defective condition in that the subject batteries had an unreasonably propensity to heat and catch fire during normal and foreseeable conditions;

c. The subject batteries were designed, assembled, sourced, imported, manufactured, distributed, sold and/or supplied in an unsafe, unreasonably dangerous and defective condition in that the subject batteries had an unreasonable propensity to explode during normal and foreseeable conditions;

d. The subject batteries were defective in design, manufacture, assembly, and warnings, in that they failed to operate as marketed and advertised, and failed to alert users to the hazardous

conditions described herein; and

e. The subject batteries were defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards or proper documentation to alert users regarding the hazardous conditions described herein.

19.     At the time of the subject incident, the subject batteries were in substantially the same condition as when designed, tested, maintained, assembled, sourced, imported, distributed, manufactured, inspected, sold and placed into the stream of commerce by the Defendants.

20.     For the reasons set forth above, the subject batteries were unreasonably dangerous to foreseeable users including Plaintiff.

21.     As a direct and proximate cause of the foregoing conduct of the Defendants, Plaintiff sustained serious and personal bodily injuries resulting in pain and suffering, permanent impairment, disability, disfigurement, mental anguish, inconvenience, loss of the enjoyment of life, expense of hospitalization, medical care and treatment in the past and to be obtained in the future, lost wages in the past and the loss of ability to earn wages in the future.

22.     WHEREFORE, Plaintiff, demands judgment against the Defendants for damages, costs, interest and other such relief this Court deems just.

   B.  NEGLIGENCE AGAINST LG CHEM AND LG CHEM AMERICA

23.     All preceding paragraphs are incorporated as if stated fully herein.

24.     The Defendants knew or in the exercise of due care should have known that the subject batteries would be used without inspection in an unreasonably dangerous condition and would create a foreseeable risk of harm to users, including Plaintiff. The Defendants were under a duty to properly and adequately design, test, maintain, assemble, source, import, manufacture, inspect, sell and distribute the subject batteries in a reasonably safe condition as not to present a danger to

members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Plaintiff.

25. The Defendants breached the duty owed to Plaintiff by negligently designing, testing, maintaining, assembling, manufacturing, inspecting, selling and distributing the subject batteries when they were not in a reasonably safe condition for foreseeable use, as follows:

a. Failing to design, manufacture, distribute, assemble, sell and/or supply the subject batteries in such a manner that they would not explode.

b. Failing to design, manufacture, distribute, assemble, sell and/or supply the subject batteries in such a manner that it would not spontaneously heat and catch fire.

c. Failing to design, manufacture, distribute, sell and/or supply the subject batteries in such a condition so that they would operate as safely as a reasonable consumer would expect; and

d. Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the subject batteries to alert users about the dangerous conditions described herein.

26.    The negligence described above directly and proximately caused the incident and the injuries sustained by Plaintiff in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

27.    As a direct and proximate cause of the foregoing negligence of the Defendants, Plaintiff sustained serious and personal bodily injuries resulting in pain and suffering, permanent impairment, disability, disfigurement, mental anguish, inconvenience, loss of the enjoyment of life, expense of hospitalization, medical care and treatment in the past and to be obtained in the future, lost wages in the past and the loss of ability to earn wages in the future.

28.    WHEREFORE, Plaintiff, demands judgment against the Defendants for damages, costs, interest and other such relief this Court deems just.

V.      DAMAGES

29.     As a result of his bodily injuries, which were proximately caused by Defendants' negligence, Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

a. past and future medical expenses;

b. past and future physical pain and mental anguish;

c. past and future physical impairment;

d. past and future disfigurement; and

e. past lost wages and future lost wage-earning capacity.

30.     Plaintiff seeks actual and compensatory damages in an amount within the jurisdictional limits of this Court.

VI.     JURY TRIAL

31.     Plaintiff requests a jury trial in this matter.

VII.    PRAYER

32.     Plaintiff prays that he have judgment against Defendants, jointly and severally, for actual and compensatory damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court and for all other relief, legal and equitable, to which he is entitled.


Respectfully submitted,


s/Susan E. Hutchison
Texas Bar No. 10354100
sehservice@FightsforRight.com

**HUTCHISON & FOREMAN, PLLC**
500 East 4th St., Ste. 100

Fort Worth, Texas 76102
Phone:  817-336-5533
Fax:   817-887-5471

S. Rafe Foreman
Texas Bar No. 07255200
srfservice@fightsforright.com

**HUTCHISON & FOREMAN, PLLC**
1312 Texas Ave. Suite #101
Lubbock, Texas 79401
Phone:  806-491-4911
Fax:  806-491-9911

ATTORNEYS FOR PLAINTIFF